**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTHONY UDOM, | |
| Plaintiff, | Civil No. 12-2711 (PGS) |
| v. | |
| NEW JERSEY MOTOR VEHICLE COMMISSION, | OPINION |
| Defendant. | |

**APPEARANCES:**

**ANTHONY UDOM**, Plaintiff pro se
1059 Gladys Avenue #4
Long Beach, C.A. 90804

**SHERIDAN**, District Judge

Plaintiff Anthony Udom ("Plaintiff") seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes

that the complaint should be dismissed.

## I. BACKGROUND

Plaintiff, incarcerated at the San Diego Correctional Facility in San Diego, California at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant New Jersey Motor Vehicle Commission.  The following factual allegations are taken from the complaint and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that he has a driver's license from four different states: New York, New Jersey, California and Pennsylvania.  He alleges that New Jersey has put a hold on his license based on a 1992 driving under the influence ticket in New York City in 1992.  As a result of said hold, Plaintiff is unable to renew his license in California.  Plaintiff would like the New Jersey Motor Vehicle Commission to remove the hold that is preventing him from obtaining his California license renewal.

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress

against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting

3

Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S.Ct. at 1948).

 The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See Iqbal, 129 S.Ct. at 1949-50.  See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2.  Section 1983 Actions**

 A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

> party injured in an action at law, suit in
> equity, or other proper proceeding for redress
> ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

"[I]t is clear that once a [driver's] license is bestowed, a person has a real property interest in the license that cannot be taken away without due process." Pascarella v. Swift Transp. Co., Inc., 643 F.Supp.2d 639, 649 (D.N.J. July 14, 2009)(citing Mackey v. Montrym, 443 U.S. 1, 11, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979); Dixon v. Love, 431 U.S. 105, 112, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977); Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971)).  Plaintiff has not alleged any such due process violations and it does not appear that Plaintiff's license has been taken away.  Based on the allegations contained in the complaint, it is unclear to this Court what constitutional right Plaintiff is alleging that Defendant violated.  Therefore, the complaint will be dismissed without prejudice for failure to

state a claim.

### III.  CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[1]

Dated: October 15, 2012

                                          *s/Peter G. Sheridan*  
                                          PETER G. SHERIDAN, U.S.D.J.

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.